IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

```
CHRISTOPHER MARKS,              )
                                )
Plaintiff,                      )
                                )
vs.                             ) CAUSE NO. 1:15-CV-117
                                )
BOARD,                          )
                                )
DONALD D. GROGG, President,     )
DeKalb County Commissioners,    )
JUDGE KIRK CARPENTER,           )
JUDGE SCOTT VANDERBECK.         )
                                )
Defendants.                     )
```

## OPINION AND ORDER

This matter is before the Court on the: (1) complaint filed by Christopher Marks on May 14, 2015 (DE #1); and (2) the petition to proceed in forma pauperis, filed on May 14, 2015 (DE #4). For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** the complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A. Additionally, the request to proceed in forma pauperis (DE # 4) is **DENIED.**

BACKGROUND

Plaintiff, Christopher Marks, has filed a complaint against Donald D. Grogg, the President of the DeKalb County Commissioners, Judge Kirk Carpetner, and Judge Scott VanDerbeck. The complaint

makes clear that Marks is suing Judge Carpenter and Judge VanDerbeck for actions they took within the scope of their employment. For example, Judge Carpenter denied the plaintiff's objection to amending a custody and support order. (DE #1 at 2) Judge Vanderbeck, on the other hand, "held trial out of chronological order of filing on alleged contempt of court charges against the Plaintiff..." (DE #1 at 6).

The only other defendant is Donald Grogg as President of the DeKalb County Commissioner. Marks claims that the county is liable to him for the actions of the judges under the theory of respondeat superior.

The remedies Marks seeks include disbarring and prosecuting both Judge Carpenter and Judge VanDerbeck, and compensatory and punitive damages for the judges' "(71) counts of theft and (760) counts of attempted theft..." He also seeks an order directing an emergency retrial of matters that have already been decided in state court.

DISCUSSION

The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the action. See 28 U.S.C. section 1915(a)(1); see also *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the

district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. See 28 U.S.C. section 1915(e)(2); *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. See *Smith-Bey*, 841 F.2d at 757.

Here, concerning the poverty prong of IFP analysis, Plaintiff indicates that he is employed receiving gross earnings of $2,692.31 per month. He also states that he supports three children under 18 years of age. The federal poverty guideline for a household of four living in Indiana is $24,250. ANNUAL UPDATE OF THE HHS POVERTY GUIDELINES, 80 Fed. Reg. 3237 (Jan. 22, 2015). With gross earnings of $2,692.31, Marks' annual salary is approximately $32,000. This is considerably greater than the poverty guideline of $24,250. Thus, the Court finds that Plaintiff is not financially eligible to proceed IFP in this case.

The inquiry does not end there, however. The Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992). In determining

whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Marks's complaint suffers from numerous flaws.  One of those flaws is that it attempts to hold judicial officers liable for their official judicial acts.  A judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Judicial immunity even applies if the judge acted maliciously or in excess of his authority. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990).  The actions that Judges Carpenter and VanDerbeck allegedly took were within their

4

jurisdictional authority. Therefore Marks cannot state a claim against either Judge Carpenter or Judge VanDerbeck. Furthermore, the relief sought against these judges (their disbarment and prosecution) is not relief this Court can provide. *See Nieber v. Town of Cicero*, No. 98 C 4157, 1998 WL 677155 (N.D. Ill. Sept. 22, 1988).

The only remaining defendant is Donald Grogg as president of the DeKalb County Commissioners. Marks is under the mistaken belief that the county can be financially liable for the action of its judges through Respondeat Superior. This is simply not the case. Respondeat superior is not available under the circumstances alleged in the complaint. *See Davis v. Povaleri*, 2015 WL 2125081, *1 (S.D Ind. 2015).

There are other problems with Marks' complaint. This order should not be construed as a complete list of all errors requiring dismissal. Because it is clear that dismissal is appropriate, no further discussion is warranted.

CONCLUSION

For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** the complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A. Additionally, the request to proceed in forma pauperis (DE # 4) is **DENIED.**

**DATED: June 4, 2015**                    /s/ RUDY LOZANO, Judge
                                           **United States District Court**